IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-03-213-R |
| | ) |
| TONY LAMAR BURRIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court, on remand from the Tenth Circuit Court of Appeals, is Defendant Tony Lamar Burris's motion for a reduced sentence [Doc. No. 201] pursuant to 18 U.S.C. § 3582(c)(1)(a), also known as the First Step Act of 2018 (2018 FSA). The Tenth Circuit instructed the Court to recalculate Defendant's sentencing guidelines before utilizing its discretion under the FSA regarding Mr. Burris' sentence. *See United States v. Burris*, 29 F.4th 1232 (10th Cir. 2022). Upon consideration of the remand, the Court finds as follows.

Under Section 404(b) of the 2018 FSA, "a court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (2010 FSA) (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Thus, defendants convicted before August 3, 2010,

of crack cocaine offenses whose statutory penalties were reduced by the Fair Sentencing Act are eligible for the Court's consideration for a reduced sentence under the First Step Act. But whether to reduce an eligible defendant's sentence is a discretionary decision for the Court—no reduction is required. *See* 2018 FSA, § 404(c).

The Court found that Defendant was eligible for resentencing pursuant to the 2018 FSA in its prior order. Doc. No. 205 at 5–6. Accordingly, the only task for the Court on remand is to recalculate Defendant's amended guidelines and exercise its discretion to modify Mr. Burris's sentence utilizing the 18 U.S.C. § 3553(a) factors. At the time of Defendant's original sentencing in 2004, he received a base offense score of 37 for possessing more than 50 grams of crack cocaine under the pre-2010 FSA 18 U.S.C. § 841(b)(1)(A)(iii) combined with the career offender enhancement. Doc. No. 195 at 2. The Court then reduced this base score by three points for acceptance of responsibility via his plea agreement, resulting in a total sentencing score of 34. *Id*. When further combined with a criminal history category of VI, this score led to a guideline range of 262 to 327 months. *Id*. The Court accordingly sentenced Defendant to 262 months incarceration. Doc. No. 95

Retroactively applying the 2010 FSA to Defendant's conviction, he would receive a base offense rating of 34 for possessing 50 grams of crack cocaine pursuant to the post-2010 FSA § 841(b)(1)(A)(iii) when combined with career offender status. Doc. No. 195 at 2. After subtracting three points for acceptance of responsibility via his plea agreement, Defendant's final amended score would be 31. *Id*. When combined with a criminal history category of VI, this rating results in a final guideline range of 188-235 months. *Id*. Mr. Burris's original sentence is thus above the amended guideline range.

The Court, therefore, looks at the § 3553(a) factors to determine if it should shorten Defendant's sentence, and in applying those factors, the Court grants § 3582(c)(1)(A) relief. The relevant portion of § 3553(a) states:

> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> . . . .

In Defendant's case, he has been incarcerated for approximately 224 months and is scheduled for release on July 3, 2022,[1] once Mr. Burris's good time credits are applied to his sentence. The Court finds in evaluating the second § 3353(a) factor that the time Mr. Burris has served adequately reflects the seriousness of Defendant's offense, affords deterrence to criminal conduct, has adequately protected the public from Defendant, and has provided Defendant the time necessary to receive his GED [*see* Doc. No. 195 at 2 no.1] and develop career skills.[2] In evaluating the third and fourth factors, Mr. Burris has actually

---

[1] *See* the Bureau of Prison's Offender Search at https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed May 27, 2022).

[2] It is the Court's understanding that Defendant is currently assigned to the Bureau of Prisons' Residential Reentry Program, Dallas, has found gainful employment, and received a driver's license.

served a sentence well within the amended guidelines. Indeed, he has served a sentence above the guideline range when his good-time credits are applied.

Thus, having considered the § 3553(a) factors, the Court, on remand, GRANTS Mr. Burris's motion for reduction in sentence and resentences Defendant to time served. It further reduces his time of supervised release to four years. Otherwise the Court's Judgment will remain unchanged.

IT IS SO ORDERED this 1st day of June 2022.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE